UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------
LUIS G LOPEZ

                              Plaintiff,      **COMPLAINT**

     -against-

MARTHA'S COCINA MEXICANA, LLC. d/b/a
MARTHA'S COCINA MEXICA and FRANCISCO SIMON
individually

                              Defendants.
------------------------------------------------------------------------X

Plaintiff Luis G. Lopez ("Plaintiff" or "Lopez"), by and through his attorney, The Law Offices of Jacob Aronauer complaining of Martha's Cocina Mexicana, LLC d/b/a Martha's Cocina Mexica, alleges the following:

## NATURE OF THE ACTION

1. This is a civil action brought by Plaintiff to recover unpaid overtime compensation and unpaid minimum wage compensation under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

2. Plaintiff brings this action to remedy violations of the wage and hour provisions of the FLSA and the NYLL by Defendants.

3. Plaintiff also brings this action under the Wage Theft Prevention Act for Defendants' failure to provide wage notices and wage statements in violation of NYLL §§195 (1) and (3).

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

5. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

### Plaintiff Luis G. Lopez

7. Plaintiff is an individual residing in Queens County, New York.

8. From May 2022 until January 2023, Plaintiff was employed as a cook at Martha's Cocina Mexicana located at 338 Franklin Ave, Brooklyn, NY 11238.

9. Plaintiff is a covered employee within the meaning of the FLSA and the NYLL.

### Defendant Francisco Simon

10. Defendant Simon is the owner, principal, and manager of Martha's Cocina Mexicana.

11. At all relevant times, Simon maintained control, oversight and the direction of Martha's Cocina Mexicana in Brooklyn County, New York.

12. Specifically, Simon held the power and authority to hire and fire employees, control employee work schedules, set employee wage rates, and maintain employee pay records.

13. Simon is a person engaged in business in Brooklyn County and is sued individually in his capacity as an owner, officer and/or agent of Martha's Cocina Mexicana.

### Defendant Martha's Cocina Mexicana

14. Martha's Cocina Mexicana is a domestic corporation in the restaurant industry, having its principal place of business located at 338 Franklin Ave, Brooklyn, NY 11238.

15. At all times relevant to this action, Defendant Martha's Cocina Mexicana was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

16. Upon information and belief, Martha's Cocina Mexicana has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

17. Defendants jointly employed Plaintiff at all relevant times.

18. Defendants had substantial control over Plaintiff's working conditions and the practices alleged herein.

## STATEMENT OF FACTS

**Plaintiff's Employment at Martha's Cocina Mexicana**

19. As noted earlier, from on or about May 30, 2022, to on or about January 8, 2023, Plaintiff worked for Defendants.

20. Plaintiff was employed as a cook.

21. From on or about May 30, 2022 to on or about November 27, 2022, Plaintiff was schedule to work six days per week.

22. From on or about May 30, 2022 to on or about November 27, 2022, Plaintiff schedule was as follows: on Tuesday and Thursday, Plaintiff worked from 9:00 a.m. to 4:00 p.m., on Wednesday from 4:00 p.m. to 11:00 p.m., on Friday and Sunday from 7:00 a.m. to 4:00 p.m., and Saturday from 3:00 p.m. to 11:00 p.m.

23. For this period, Plaintiff was paid $800 per week in cash.

24. Plaintiff's salary was only inclusive of the first 40 hours worked.

25. From on or about November 28, 2022, to January 8, 2023, Plaintiff was schedule to work five day per week.

3

26. From on or about November 28, 2022, to January 8, 2023, Plaintiff schedule was as follows: on Wednesday and Thursday, Plaintiff worked from 3:00 p.m. to 11:00 p.m., on Friday from 9:00 a.m. to 6:00 p.m., on Saturday and Sunday from 10:00 a.m. to 8:00 p.m.

27. For this period, Plaintiff was paid $600 per week in cash.

28. Plaintiff's salary was only inclusive of the first 40 hours worked.

29. When Defendants paid Plaintiff, they never provided him with any accompanying documentation as to his rate of pay or hours worked for that respective week.

30. For this period, Plaintiff was not paid for all the hours he worked and resulted in Plaintiff's effective rate of pay falling below the required minimum wage rate.

31. Throughout Plaintiff's entire employment with Defendants, he was not paid any wages for overtime hours worked.

32. Defendants never required Plaintiff to "clock in" or "clock out."

33. The Defendants failed to provide the Plaintiff with a written wage notice indicating his regular hourly rate and the overtime rate that correspond to it.

34. Plaintiff was a victim of Defendants' common policy and practices, which violated his rights under the FLSA and New York Labor Law by, inter alia, not paying her the wages he was owed for the hours he worked

**Defendants' Violations of the Wage Theft Prevention Act**

35. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with a written notice of wage rates.

36. Throughout the relevant time period, Defendants paid Plaintiff's wages without any accompanying statement listing the overtime rate or rates of pay, the number of regular

4

hours worked, and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

37. Plaintiff was never given a notice in English and his native language containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" named used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act—Overtime Wage Violations

38. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

39. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff.

40. Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

41. Defendants have willfully failed to pay Plaintiff the appropriate overtime premium for all hours worked in excess of 40 hours per workweek, as required by the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations.

42. Defendants' unlawful conduct has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful.

Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

43. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

44. Due to Defendants' willful violations of the FLSA, Plaintiff is entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

## SECOND CAUSE OF ACTION
### New York Labor Law—Overtime Wage Violations

45. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

46. Defendants have failed to pay Plaintiff the proper overtime wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

47. Through their knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of forty hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

48. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
## New York Labor Law – Failure to Pay Minimum Wage

49. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

50. At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been the employer of the Plaintiff within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

51. At all times relevant, Plaintiff was covered by the NYLL.

52. The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

53. Defendants failed to pay Plaintiff the minimum hourly wages to which he was entitled under the NYLL and the supporting New York State Department of Labor Regulations.

54. Through their knowledge and intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

55. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
## Fair Labor Standards Act– Failure to Pay Minimum Wage

56. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

57. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiff.

58. Defendants willfully failed to pay Plaintiff the appropriate minimum wage for all hours worked in excess of 40 hours per work week, as required by the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations.

59. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

60. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 et seq.

61. As a result of Defendants' willful violations of the FLSA, Plaintiff has been deprived of minimum wage compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre-judgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

**FIFTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Annual Wage Notices**

62. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

63. Defendants have willfully failed to supply Plaintiff with wage notices, as required by the NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as their primary language, containing Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of

the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

64. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations.

65. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each work day that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars, together with costs and reasonable attorneys' fees, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

**SIXTH CAUSE OF ACTION**
**New York Labor Law-Failure to Provide Wage Statements**

66. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

67. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by the NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

68. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Regulations.

69. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of two hundred fifty dollars for each work day that the violation occurred, or a total of five thousand dollars each, together with costs and reasonable attorneys' fees, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 198;

B. Unpaid minimum wages, overtime wages, and liquidated damages permitted by law pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* and the NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Regulations;

C. Statutory penalties of fifty dollars for each work day that Defendants have failed to provide Plaintiffs with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

D. Damages under 191(1)(a) for the failure to pay Plaintiff weekly;

E. Statutory penalties of two hundred fifty dollars for each work day that Defendants have failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, as provided by for by NYLL, Article 6 § 198;

F. Prejudgment interest pursuant to the NYLL and CPLR § 5004;

G. Post-judgment interest pursuant to 28 U.S.C. § 1961;

H. An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL; and

I. Reasonable attorneys' fees and costs of the action.

Dated: March 16, 2023
New York, New York

Respectfully submitted,

*/s Jacob Aronauer*
Jacob Aronauer
225 Broadway, 3rd Floor
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com

*Attorney for Plaintiff*